IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AMMON RA SUMRALL, | : | |
| Plaintiff, | : : : | NO. 5:21-CV-00187-MTT-MSH |
| VS. | : : | |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | : : : | |
| Defendants. | : : | |

**ORDER**

Presently pending before the Court is a complaint filed by *Pro se* Plaintiff Ammon Ra Sumrall, a prisoner at Wilcox State Prison in Abbeville, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, *et seq.*. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. Plaintiff's motion to proceed *in forma pauperis* was granted and he was ordered to pay an initial partial filing fee. ECF No. 4. Plaintiff has paid the required filing fee in this case and his claims are thus ripe for screening pursuant to 28 U.S.C. § 1915A. Having conducted such screening, the undersigned finds that Plaintiff's claims against the Defendants shall proceed for further factual development.

    **I.**    **Preliminary Screening**

        A.  Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who

seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007)). The factual allegations in a complaint "must be enough to raise a right to relief above  the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Plaintiff's Allegations

Plaintiff's claims arise from his incarceration within the Georgia Department of Corrections ("GDC") system and at Wilcox State Prison. ECF No. 1 at 6. Plaintiff names as Defendants in this case the Georgia Department of Corrections, Warden Artis Singleton, and Deputy Warden Tonya Ashley. *Id.* at 5. Plaintiff states that around the year 2000, he began studying and practicing a faith based upon the beliefs of his African ancestor's worship of the Sun God Ammon Ra. ECF No. 1-1 at 2. Thereafter, Plaintiff changed his name to Ammon Ra. *Id*. Part of Plaintiff's belief system is that it is a violation of God's will to kill animals unnecessarily and he adheres to a vegan diet. *Id*. at 1-2. In 2007, Plaintiff learned of the Alternative Entrée Meal Program (hereinafter "AEP") offered by the Georgia Department of Corrections that would accommodate his religious dietary beliefs and he signed up for it. *Id* at 2.

Around July or August 2019, Plaintiff filed a grievance regarding Wilcox State

3

Prison food service violating the AEP. *Id.* at 13. Thereafter, Defendant Singleton removed Plaintiff from the AEP accusing Plaintiff of buying non-vegan store goods. Id. Plaintiff was ultimately able to reenroll in the AEP. *Id.* However, in July 2020, Defendants Singleton and Ashley once again removed Plaintiff from the AEP as part of a mass removal of prisoners from the AEP after the vegan prisoners had filed grievances about their meals. *Id.* at 7. The reason given by Singleton and Ashley for the removal from AEP was again the purchase of non-vegan store goods. *Id.* Plaintiff alleges that the removal from AEP only happened to the "black vegans" and not the "Caucasian/ Jewish prisoners" even though they had also bought non-vegan goods. *Id.* Plaintiff further states that buying non-vegan goods is not a valid reason under prison policy to remove a vegan prisoner from AEP. *Id.*

After being removed from AEP, Plaintiff did not eat from the regular trays made with meat products and attempted to find other ways to maintain his vegan diet from July 29, 2020 to October 19, 2020. *Id.* at 7-8. Plaintiff states that he became malnourished and medical tests revealed he was suffering from a Vitamin D deficiency and low white blood cell count. *Id.* Plaintiff alleges that his inadequate diet has further caused him to develop "back, stomach and arthritic pain, coupled with fatigue and depression." *Id.* at 10-11. He also states that his inadequate diet weakened his immune system making it more difficult for him to fight off Covid-19 which he contracted from another inmate. *Id.* at 9, 11.

Plaintiff lastly complains that the Defendants have a pattern of discriminating against vegan prisoners because they will serve non-vegan products on vegan trays and they have repeatedly served Kentucky Fried Chicken, Little Caesar's Pizza, and other non-

traditional prison meat based meals to non-vegan prisoners without providing an equivalent type meal to the vegans. *Id*. at 12.

Plaintiff contends that these actions have denied him the ability to practice his religion in violation of the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), § 2 et seq., 42 U.S.C.A. § 2000cc et seq. as well as constituted cruel and unusual punishment. ECF No. 1-2 at 1, 4. As a result of these alleged violations, Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. ECF No. 1 at 7.

### C. Plaintiff's Claims

*First Amendment and RLUIPA claim*

The First Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. "[P]rison inmates retain protections afforded by the First Amendment's Free Exercise Clause," and prison officials may thus limit a prisoner's exercise of sincerely held religious beliefs only if such "limitations are 'reasonably related to legitimate penological interests.'" *Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (per curiam) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)). RLUIPA requires the government to justify any substantial burden on a prisoner's religious exercise by demonstrating a compelling governmental interest. *See Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1659 (2011). "To establish a *prima facie* case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that

5

he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." *Smith v. Governor for Ala.,* 562 F. App'x 806, 813 (11th Cir. 2014) (per curiam) (internal quotation marks omitted).

Plaintiff's allegations are sufficient to warrant further factual development. *See Johnson*, 581 F. App'x at 780-81 (reversing district court's dismissal of RLUIPA and First Amendment free exercise claims where prisoner's *pro se* complaint alleged that prison officials infringed his practice in numerous ways); *Saleem v. Evans*, 866 F.2d 1313, 1316 (11th Cir. 1989) (per curiam) (noting in appendix to case that generally the court should "permit dismissal of a First Amendment claim only if it involves a religious claim so facially idiosyncratic that neither a hearing nor state justification of its regulation is required"). Plaintiff's First Amendment religious freedom claim pursuant to 42 U.S.C §1983 shall therefore proceed against Defendants Singleton and Ashley[1] with the RLUIPA action proceeding only against Defendant Georgia Department of Corrections.[2]

---

[1] The Eleventh Amendment bars suits directly against a state or its agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The Georgia Department of Corrections is an agency of the State of Georgia and is thus are protected by sovereign immunity. *Id.*; *Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability);

[2] Plaintiff's RLUIPA claims cannot proceed against any of the individual Defendants. *See, e.g., Hathcock v. Cohen*, 287 F. App'x 793, 798 (11th Cir. 2008) (per curiam) (noting that "RLUIPA does not create a private action for monetary damages against prison officials sued in their individual capacity"). Plaintiff's RLUIPA claims against Defendants in their individual capacities are therefore subject to dismissal. Conversely, "Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an

*Fourteenth Amendment Equal Protection Claim*

Plaintiff also specifically mentions claims arising under the Equal Protection Clause. ECF No. 1-2 at 2. The Equal Protection Clause of the Fourteenth Amendment provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. "In order to properly plead an equal protection claim, a plaintiff need only allege that similarly situated persons have been treated disparately through state action." *Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 685-86 (11th Cir. 2005) (per curiam). Plaintiff alleges that the Defendant Singleton only removed black prisoners from AEP and not Caucasian Jewish prisoners. *Id*. at 7. At this early stage, such allegations are also sufficient to allow Plaintiff's equal protection claims against Defendant Singleton to proceed for further factual development.

*Eighth Amendment claim*

Lastly, Plaintiff asserts that the denial of his vegan diet led to malnutrition and thus was cruel and unusual punishment in violation of the Eight Amendment to the U.S. Constitution. ECF 1-2 at 2. "The Eight Amendment governs 'the treatment a prisoner receives in prison and the conditions under which he is confined." *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993). After

---

officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted). Proper defendants in RLUIPA actions include "States, counties, municipalities, their instrumentalities and officers, and persons acting under color of state law." *Sossamon v. Texas*, 563 U.S. 277, 282 (2011) (citing § 2000cc-5(4)(A)). The Georgia Department of Corrections is an entity capable of being sued for injunctive relief under RLUIPA. *See, e.g., Benning v. Georgia*, 864 F. Supp. 2d 1358, 1360 (M.D. Ga. 2012).

incarceration, the protection afforded by the Eighth Amendment is limited and only the "unnecessary and wanton infliction of pain'" which "constitutes cruel and unusual punishment" is forbidden. *Farrow*, 320 F.3d at 1242 (quoting *Ingraham v. Wright*, 430 U.S., 670 (1977). "To establish a violation of the Eighth Amendment, a prisoner must first show that a condition is an objectively 'cruel and unusual deprivation,' and second, that the officials responsible for the conditions had the subjective intent to punish." *Turner v. Warden*, GDCP, 650 F. App'x 695, 701 (11th Cir. 2016) (citing *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000)).

"[S]tates may not impose punishment that shock the conscience, involve unnecessary and wanton infliction of pain, offend evolving notions of decency, or are grossly disproportionate to the offense for which they are imposed." *Hamm v. Dekalb County*, 774 F.2d 1567, 1571 (11th Cir. 1985) (citing *Newman v. Alabama*, 503 F.2d 1320, 1330 n. 14 (5th Cir. 1974)). "Neither [the Eleventh Circuit] nor the Supreme Court have ever held that the Eighth Amendment requires prison officials to indulge inmates' dietary preferences—regardless of whether those preferences are dictated by religious, as opposed to non-religious, reasons." *Robbins v. Robertson*, 782 F. App'x 794, 805 (11th Cir. 2019). However, "courts hold that states violate the eight amendment if they . . . fail to provide prisoners with reasonably adequate food, clothing, shelter, and sanitation." *Id*. (citing *Newman v. Alabama*, 559 F.2d 83, 286 (5th Cir. 1977)). Thus, inadequate nutrition can rise to the level of cruel and unusual punishment if it betrays the minimal civilized measure of life's necessities. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir 1999)(citing *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)). "Whether the deprivation of food falls below this threshold depends on the

amount and duration of the deprivation." *Id*. Here, Plaintiff alleges that his rights under the Eighth Amendment were denied when he was deprived of his vegan diet for approximately three months which caused him to develop a vitamin D deficiency, low white blood cell count, and other physical ailments. ECF No. 1-1 at 11. At this early stage, such allegations are sufficient to allow Plaintiff's Eighth Amendment claims against Defendants Singleton and Ashley to proceed for further factual development.

## II.   Conclusion

In accordance with the foregoing, Plaintiff's claims against the Defendants shall proceed for further factual development.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against the Georgia Department of Corrections, Warden Artis Singleton, and Deputy Warden Tonya Ashley, it is accordingly **ORDERED** that service be made on those

Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any

party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a

trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED** this 22nd day of September, 2021.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE