IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AMMON RA SUMRALL, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:21-CV-187-CDL-MSH |
| | : | |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Pending before the Court is Plaintiff's motion for appointment of an expert witness (ECF No. 37). Plaintiff seeks an expert witness to assist his case pursuant to Federal Rule of Evidence 706. Mot. to Appoint Expert 1, ECF No. 37. In support thereof, he argues an expert is needed to help show Defendants' deliberate actions caused Plaintiff to suffer from low white blood cells and Vitamin D deficiency. *Id*. at 1-4. He also asks that the Court require Defendants pay the costs for this expert. *Id*. at 4.

In pertinent part, Rule 706 provides that

> [o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.

Fed. R. Evid. 706(a). The decision as to whether to appoint an expert "is vested in the sound discretion of the trial court." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1349 (11th Cir. 2003) (citation omitted). "Where a party requests the

appointment of an expert to aid in evaluating evidence that is relevant to a central issue in the case, the court is obliged to fairly consider the request and to provide a reasoned explanation for its ultimate decision on the matter." *Id*. at 1348 (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). "Such an appointment is especially appropriate where the evidence or testimony at issue is scientifically or technically complex." *Id*. (citation omitted).

The Court does not find good cause to appoint an expert. First, Plaintiff's alleged injuries are not so complex as to require expert testimony. Plaintiff's claim concerns Defendants' removal of Plaintiff from the Alternative Entrée Program ("AEP"). 2d Attach. to Compl. 2, ECF No. 1-2. Plaintiff alleges Defendants' actions directly caused him to suffer from Vitamin D deficiency and low white blood cell count, as well as "depression, fatigue, arthritis, and pain in his back and stomach." *Id*. Plaintiff has submitted medical evidence documenting these conditions and Defendants do not contest their presence, but argue such conditions are no more than *de minimis*. Def.'s Mot. for Summ. J. 8, ECF No. 41. Additionally, Defendants did not submit expert testimony on this—or any other— issue. *See Rodriguez v. Powell*, 853 F. App'x 613, 620 (11th Cir. 2021) (per curiam) (affirming the district court's denial of plaintiff's motion to appoint an expert where the district court considered "that the defendants had not offered expert testimony").

Second, Plaintiff's claim challenges the conditions of his confinement. 2d Attach. to Compl. 2. A primary issue of this Eighth Amendment claim is whether the prisoner suffered a risk from a condition that is "so grave it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must

2

show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Determining whether removing Plaintiff from the AEP's vegan diet constitutes such a risk does not require an expert's opinion. The Court or a jury can easily discern whether this alleged "deprivation [ ] denies the minimal civilized measures of life's necessities[.]" *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994) (internal quotation marks omitted).

Lastly, and most importantly, Plaintiff seeks expert testimony after the close of discovery. Discovery in this case closed on April 26, 2022. *See* Text-only Order, Mar. 9, 2022, ECF No. 29. Plaintiff, however, did not seek appointment of an expert until June 1, 2022.[1] Mot. to Appoint Expert 4. Thus, Plaintiff "wait[ed] until the eve of motions for summary judgment to request an expert[.]" *Rodriguez*, 853 F. App'x at 620 (internal quotation marks omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("Although courts liberally construe pro se pleadings, pro se litigants are not excused from procedural rules."). Therefore, appointment of an expert witness is not warranted, and Plaintiff's motion (ECF No. 37) is **DENIED**.

SO ORDERED, this 13th day of June, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam) (quoting *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012)). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id*. Further, "[t]he burden is on the Government to prove the motion was delivered to prison authorities on a date other than the date the prisoner signed it." *Id*.