**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **AMMON RA SUMRALL,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:21-CV-187 (MTT)** |
| **GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*,** | ) | |
| **Defendants.** | ) | |

## ORDER

The defendants move for summary judgment on Plaintiff Ammon Ra Sumrall's claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Doc. 41. After supplemental briefing, the defendants have demonstrated that Sumrall's RLUIPA claim is moot. Docs. 62; 67. Accordingly, Sumrall's RLUIPA claim is **DISMISSED** for lack of subject matter jurisdiction. Furthermore, Sumrall's motion for reconsideration (Doc. 61), motion to reopen discovery (Doc. 68), and motion to appoint counsel (Doc. 69) are **DENIED**.

## I. BACKGROUND

Sumrall's claims arise from his removal from the Alternative Entrée Program ("AEP"), a vegan diet program, while incarcerated at Wilcox State Prison. Docs. 31-2 ¶ 13; 31-3 ¶¶ 9, 15; 35 ¶ 13. The defendants removed Sumrall from the AEP in August 2019 and July 2020 for purchasing dozens of non-vegan food items from the prison commissary. Docs. 31-2 ¶¶ 8-9, 14; 35 ¶¶ 8-9, 14; 35-1 at 10:12-24; 41-1. The

defendants argued that Sumrall's extensive non-vegan food purchases demonstrated that he was not reliant on the AEP to accommodate his religious diet, which justified his removal from the program. Docs. 41 at 3, 8; 41-4 ¶¶ 18, 34-35. At the time of his removal in August 2019 and July 2020, the Georgia Department of Corrections ("GDC") Standard Operating Procedures did not include purchasing non-vegan food as a justification for removing inmates from the AEP. Docs. 31-2 ¶ 23; 35 ¶ 23. Thus, Sumrall argued that his removal was improper because the GDC did not have a written policy of removing inmates from the AEP for purchasing non-vegan food. Docs. 31-1 at 3, 11-12; 45 at 13. On October 13, 2020, the GDC added purchasing non-vegan food as a justification for removing inmates from the AEP. Docs. 31-2 ¶ 23; 35 ¶ 23. Sumrall was reenrolled in the AEP on October 20, 2020. Docs. 31-2 ¶ 28; 35 ¶ 28; 35-1 at 16:22-23, 19:9-20:20.

Sumrall brought claims under RLUIPA and § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. Doc. 25. All claims arose from Sumrall's contention that he had been improperly removed from the AEP. *Id*. The defendants moved for summary judgment on all of Sumrall's claims. Doc. 41. The Magistrate Judge recommended granting the defendants' motion for summary judgment in its entirety. Doc. 51. Specifically, the Magistrate Judge recommended granting the defendants' motion for summary judgment on Sumrall's § 1983 claims because (1) Sumrall had not shown the defendants violated his constitutional rights and (2) the defendants were entitled to qualified immunity. *Id*. at 6-15, 18-19. Regarding Sumrall's RLUIPA claim, the Magistrate Judge recommended granting the defendants' motion for summary judgment because Sumrall's extensive prison commissary purchases

demonstrated he could accommodate his religious diet without the AEP; therefore, Sumrall's religious rights were not substantially burdened while he was removed from the AEP and his RLUIPA rights were not violated. *Id.* at 14.

The Court adopted the Recommendation in part and granted the defendants' motion for summary judgment with respect to Sumrall's § 1983 claims. Doc. 56 at 9-22. However, the Court concluded that issues of fact remained regarding whether Sumrall could accommodate his vegan diet without the AEP and, as a result, whether Sumrall's religious rights were substantially burdened while he was removed from the AEP. *Id*. at 6. Therefore, the Court denied, without prejudice, the defendants' motion for summary judgment on Sumrall's RLUIPA claim. *Id*. at 8-9.

Because only Sumrall's RLUIPA claim, based on his allegation that he has been improperly removed from the AEP, remained and because Sumrall was reenrolled in the AEP, the Court noted that Sumrall's RLUIPA claim was "likely moot." *Id*. at 8. Sumrall's RLUIPA claim sought only injunctive and declaratory relief, specifically, "to be put back on the vegan AEP meals."[1] Docs. 25 at 16; 31 at 1-2; 31-10 at 3; 35-1 at 13:10-11; 52 at 13, 19-20. Because Sumrall was "put back" on the AEP on October 20, 2020, it appeared his claim was moot. Accordingly, the Court ordered the parties to submit supplemental briefing on the issue of mootness.[2] Doc. 56 at 8-9.

In his supplemental brief, Sumrall argues that his RLUIPA claim is not moot because (1) the defendants "discontinued the AEP" by replacing the vegan meals with

---

[1] Of course, RLUIPA affords only injunctive and declaratory relief. *Sossamon v. Tex.*, 563 U.S. 277 (2011).

[2] "[B]ecause the question of mootness is jurisdictional in nature, it may be raised by the court *sua sponte*." *Nat'l Advert. Co. v. City of Mia.*, 402 F.3d 1329, 1331-32 (11th Cir. 2005). The Court provided the parties with notice and an opportunity to respond on the issue of mootness. Docs. 56 at 8-9; 62; 63; 66; 67.

kosher meals, (2) the AEP meals are nutritionally inadequate, and (3) the "defendants have a pattern of removing prisoners from the AEP if they complain about how their meals are prepared and served." Docs. 63 at 1-4; 66 at 2. Sumrall attached three grievances in support of his contention that the defendants "discontinued the AEP." Docs. 63 at 1; 63-3; 63-4; 63-5. In grievance No. 345828, Sumrall complains that he was "switched … from vegan to restricted vegan." Doc. 63-4 at 2. Because the restricted vegan meal plan was "created to accommodate Jews," Sumrall claims the defendants are "forc[ing] [him] to practice Judaism and abandon [his] own religious beliefs." *Id*. Additionally, Sumrall complains that the restricted vegan meals are usually "inedible" and lack "variety." *Id*. In grievance No. 343305, Sumrall complains that the food service staff gave him non-vegan bread. Doc. 63-3 at 2. In grievance No. 331549, Sumrall complains that the food service staff gave him spoiled food. Doc. 63-5 at 2. As the defendants highlight in their supplemental briefing, Sumrall does *not* claim that he has been removed from the AEP. *See* Doc. 67 at 2.

In addition to arguing that his RLUIPA claim is not moot, Sumrall moves to reopen discovery, have counsel appointed, and for reconsideration of the Court's prior Order (Doc. 56) granting in part and denying in part the defendants' motion for summary judgment. Docs. 61; 68; 69. Sumrall's motion for reconsideration focuses on his alleged First Amendment retaliation claim against defendants Singleton and Ashley. Doc. 61 at 2. Sumrall's motion to reopen discovery contends that because his "RLUIPA claim for vegan meals has evolved to include new matters, the Court should allow [him] a reasonable amount of time to uncover those facts that support [his] contention that his RLUIPA claim for vegan meals is not moot." Doc. 68 at 2. Finally, Sumrall's motion to

appoint counsel asks the Court to provide him with counsel "to help [him] collect evidence" to show that the "defendants' pre-packaged kosher meals are a systemic failure." Doc. 69 at 1-2.

## II. DISCUSSION

### A. Motion for Reconsideration

Sumrall argues that "[e]ven though [his] evidence shows that defendants" Singleton and Ashley "retaliated against him" when they removed him from the AEP, "the Court's February 17, 2023 order is silent" on this issue. Doc. 61 at 2. Specifically, Sumrall claims the defendants removed him from the AEP because he filed a grievance and the Court failed to address this "retaliation" claim. *Id*.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Essentially, Sumrall's motion for reconsideration attempts to allege—for the first time—a First Amendment retaliation claim against defendants Singleton and Ashley.

Doc. 61. Sumrall did not assert a First Amendment retaliation claim in his original complaint. Doc. 1-2 at 5. The Magistrate Judge did not recommend that a First Amendment retaliation claim proceed for further factual development. Docs. 7; 13. Sumrall did not argue that the Recommendation improperly omitted a First Amendment retaliation claim. Doc. 12. And Sumrall's amended complaint did not allege a First Amendment retaliation claim. Doc. 25. The only First Amendment claim briefed by the parties in the subsequent motions for summary judgment is a free exercise claim. *See* Docs. 31-1 at 5-8; 41 at 13-15; 45 at 7-8. In fact, Sumrall acknowledges "that the court has not authorized a retaliation claim against defendants." Doc. 38 at 6.

Sumrall cannot use a motion for reconsideration to amend his complaint. *See Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).") (quoting *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006)). Because Sumrall has failed to show that the Court made a clear error of law in its prior Order (Doc. 56), his motion for reconsideration (Doc. 61) is **DENIED**.

**B. RLUIPA Claim and Mootness**

Sumrall's RLUIPA claim challenged his removal from the AEP and his only remaining requested relief is reenrollment in the AEP. Docs. 31 at 2; 31-10 at 3; 35-1 at 13:5-11, 59:5-12. Specifically, Sumrall stated that his RLUIPA claim "is based on [his] … special religious request." Doc. 35-1 at 13:5-9. Sumrall's "Special Religious Request" asked the GDC to (1) "offer [him] vegan meals"; (2) "allow [him] to order a pair of vegan athletic shoes"; (3) "allow [him] to have an Ankh"; and (4) "require the prison …

to sell vegan food." Doc. 31-10 at 3. The Court previously held that Sumrall's religious rights were not substantially burdened by the GDC's refusal to provide him with vegan athletic shoes, provide him with an Ankh, or sell vegan meals. Doc. 56 at 5. As a result, the Court granted the defendant's motion for summary judgment as to Sumrall's second, third, and fourth requests and only his first request remains. *Id*. at 8-9. Sumrall characterized his first request, that the GDC "offer [him] vegan meals," as "basically, to be put back on the vegan AEP meals." Docs. 31-10 at 3; 35-1 at 13:10-11. Thus, Sumrall's only requested RLUIPA relief is reenrollment in the AEP.

The Court's analysis is limited to Sumrall's proposed remedy—"to be put back on the vegan AEP meals"—for two reasons. Doc. 35-1 at 13:10-11. First, injunctive and declaratory relief are the only remedies available to inmates suing a state or its agencies, such as the GDC, under RLUIPA. *Sossamon*, 563 U.S. at 288. Second, the Eleventh Circuit has held that a district court commits reversible error when it fashions a remedy the plaintiff did not seek. *Smith v. Owens*, 13 F.4th 1319, 1327 (11th Cir. 2021). Because RLUIPA requires "an individualized, context-specific inquiry" and because "requiring the government to rebut alternatives" that the plaintiff did not propose "would run afoul of basic rules of fair notice," courts must confine their RLUIPA analysis to the remedies the plaintiff proposes. *Id*. at 1323, 1327 n.6. Thus, the Court's discussion of Sumrall's RLUIPA relief is limited to his request for reenrollment in the AEP.

Sumrall was reenrolled in the AEP, and provided with vegan meals, on October 20, 2020. Docs. 31-2 ¶ 28; 35 ¶ 28; 35-1 at 16:22-23, 19:9-20:20. Nevertheless, Sumrall contends that his RLUIPA claim is not moot because (1) the GDC "discontinued the AEP" when it placed him on the restricted vegan meal plan, (2) the AEP meals are

nutritionally inadequate, and (3) the defendants have a pattern of removing inmates from the AEP "if they complain about how their meals are prepared and served." Docs. 63 at 1-4; 66 at 2.

First, Sumrall's placement on the restricted vegan meal plan does not save his RLUIPA claim. As Sumrall testified during his deposition, the restricted vegan meal plan is a vegan diet. Doc. 35-1 at 59:13-17; *see also* Doc. 67 at 2-3. And the GDC Standard Operating Procedures confirm that the restricted vegan meal plan is a "meal plan consisting of Vegan food." GDC, *Standard Operating Procedures*, No. 409.04.28, Alternative Entrée Program, https://gdc.ga.gov/content/409-Policy-GCI-Food-Service (click on the link labeled "409.04.28 (IVL01-0027) Alternative Entree Program").[3] Sumrall's requested relief was to receive vegan meals. Docs. 31 at 2; 31-10 at 3. Sumrall received that relief when he was reenrolled in the AEP and his supplemental briefing clarifies that he remains enrolled in the AEP. *See* Docs. 63; 63-4.

Sumrall's argument that his RLUIPA rights are being violated because he was placed on the restricted vegan meal plan, which also happens to be kosher, is irrelevant. Doc. 63 at 4. Sumrall testified that his RLUIPA request was "basically, to be put back on the vegan AEP meals." Doc. 35-1 at 13:10-11. Thus, the Court's focus is whether Sumrall was reenrolled in the AEP—not whether receiving kosher meals violates Sumrall's RLUIPA rights. If Sumrall wants to raise complaints about the restricted meal plan, he can raise those complaints in another lawsuit. His attempt to

---

[3] "The Court may take judicial notice of government publications and website materials." *Coastal Wellness Centers, Inc. v. Progressive Am. Ins. Co.*, 309 F. Supp. 3d 1216, 1220 n.4 (S.D. Fla. 2018); *see also R.S.B. Ventures, Inc. v. F.D.I.C.*, 514 F. App'x 853, 856 n.2 (11th Cir. 2013) ("As requested by [the plaintiff], for purposes of this appeal we take judicial notice of the information found on the FDIC's website.").

raise those issues now, after the close of discovery and lengthy summary judgment briefing, is improper and contrary to "basic rules of fair notice" and the "individualized, context specific inquiry" RLUIPA demands.[4] *Smith*, 13 F.4th at 1323, 1327 n.6.

Second, Sumrall's complaints about the quality of the AEP meals do not save his RLUIPA claim. As his deposition testimony clarified, Sumrall's RLUIPA claim is based on his removal from the AEP, *not* the nutritional adequacy of the vegan meals:

> Q. Okay. And -- and as it relates to the vegan food -- just to be clear since we're defining the universe of this, you're not saying that the vegan -- *you're not making a complaint about the vegan food itself*, it's [sic] nutritional value or anything like that. You're just saying it was whether you got the vegan or not the vegan food?
> A. Right.

Doc. 35-1 at 59:5-12 (emphasis added). Now Sumrall seeks to expand the scope of his RLUIPA claim to investigate "new matters," including the nutritional adequacy of the AEP meals. Docs. 63-4 at 2; 68 at 2. This lawsuit—which focused on Sumrall's *removal* from the AEP—is not the proper vehicle to bring new complaints about the adequacy of the AEP. *See Smith*, 13 F.4th at 1327. If anything, Sumrall's new complaints demonstrate mootness—Sumrall could not challenge the adequacy of the AEP meals if he was not enrolled in the AEP.

Finally, Sumrall claims that the "defendants have a pattern of removing prisoners from the AEP if they complain about how their meals are prepared and served." Doc. 66 at 2. Thus, Sumrall argues that his claim is not moot because there is a "reasonable expectation that the [defendants'] challenged practice will resume after the lawsuit is dismissed." *Id*. This "challenged practice" (i.e., removing inmates from the AEP if they

[4] In any event, the defendants highlight that the AEP meals "can be (and actually are) prepared in a kosher manner." Doc. 67 at 3 n.2.

complain about how their meals are prepared and served) is different from the practice Sumrall originally contended was unlawful. Sumrall initially argued that his removal from the AEP was improper because the GDC did not have a written policy of removing inmates for purchasing non-vegan food. Docs. 31-1 at 3, 11-12; 45 at 13. As a result, Sumrall asserted that if he had been aware of the removal policy, he would not have purchased non-vegan food and he would not have been removed from the AEP. Docs. 31-3 ¶ 18; 45 at 7-8. Notably, Sumrall does not argue the circumstances that resulted in his removal in August 2019 and July 2020—the lack of a written policy—are capable of repetition. Nor could he; those circumstances no longer exist. The GDC added purchasing non-vegan food as a justification for removing inmates from the AEP on October 13, 2020. Docs. 31-2 ¶ 23; 35 ¶ 23; *see also* GDC, *Standard Operating Procedures*, No. 409.04.28, Alternative Entrée Program, https://gdc.ga.gov/content/409-Policy-GCI-Food-Service (click on the link labeled "409.04.28 (IVL01-0027) Alternative Entree Program"). As a result, the circumstances that prompted Sumrall's removal in August 2019 and July 2020 are not present and Sumrall presents no evidence that *this* challenged practice will resume.

In any event, Sumrall provides no evidence that the defendants alleged unlawful practice of removing inmates if those inmates complain about AEP meals "will resume after the lawsuit is dismissed." Doc. 66 at 2. Sumrall presents no evidence that he has been removed from the AEP following his reenrollment on October 20, 2020, and "[m]ere speculation that the [defendant] may return to its previous ways is no substitute for concrete evidence of secret intentions." *Nat'l Advert. Co.*, 402 F.3d at 1334. In fact, Sumrall's grievances undermine his argument—despite filing multiple complaints about

how his AEP meals are prepared and served, Sumrall remains in the AEP. Docs. 63-3 (grievance dated July 18, 2022); 63-4 (grievance dated November 8, 2022).

Accordingly, Sumrall's RLUIPA claim is moot and, therefore, **DISMISSED** for lack of subject matter jurisdiction.

## III. CONCLUSION

For the reasons stated, Sumrall's RLUIPA claim is **DISMISSED** for lack of subject matter jurisdiction and Sumrall's motion for reconsideration (Doc. 61) is **DENIED**. As a result, Sumrall's motion to reopen discovery (Doc. 68) and motion to appoint counsel (Doc. 69) are **DENIED** as moot.

**SO ORDERED**, this 26th day of April, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT