IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AMMON RA SUMRALL, | : |
| Plaintiff, | : |
| VS. | : NO. 5:21-CV-00187-MTT-MSH |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | : |
| Defendants. | : |

**ORDER ON PLAINTIFF'S APPLICATION TO APPEAL IN FORMA PAUPERIS**

*Pro se* Plaintiff Ammon Ra Sumrall has filed a Notice of Appeal. ECF No. 78. Plaintiff has also now submitted an application to appeal *in forma pauperis*. ECF No. 84.

**I.   Procedural History**

On September 22, 2021, Plaintiff's complaint (ECF No. 1) was screened pursuant to 28 U.S.C. § 1915A. ECF No. 7. The Magistrate Judge determined that Plaintiff's claims should proceed for further factual development and ordered service of the complaint upon the Defendants. *Id*. Thereafter, Plaintiff filed objections to the findings of the Magistrate Judge in its order directing service of the complaint. ECF No. 12. Plaintiff's "objections" further amended Plaintiff's complaint to include additional allegations and claims. *See id*. Plaintiff's objections and additional claims were reviewed by both the Magistrate Judge and the District Judge. *See* ECF Nos. 13 and 20. Thereafter, Plaintiff's additional allegations and claims were also allowed to proceed for further factual

development. *See id.*

Plaintiff and Defendants then each filed motions for summary judgment. ECF Nos. 31, 39, and 41. On August 29, 2022, the Magistrate Judge recommended denying Plaintiff's motion for summary judgment and granting the Defendants' motion for summary judgment. ECF No. 51. Plaintiff objected to the recommendations of the Magistrate Judge. ECF Nos. 52 and 53. Upon review, this Court adopted in part and rejected in part the recommendation of the Magistrate Judge. ECF No. 56. Specifically, all of Plaintiff's claims against the Defendants were dismissed except for his claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against the Georgia Department of Corrections. *Id.* As to the RLUIPA claim, the Court found the granting of summary judgment for the Defendant premature because issues of fact remained and thus ordered the parties to file supplemental briefs addressing whether "Sumrall's RLUIPA request to receive vegan meals is moot". *Id*. at 4-9.

Plaintiff and Defendants submitted their supplemental briefs as ordered. ECF Nos. 62, 63, and 67. Plaintiff also filed a motion for reconsideration (ECF No. 61), a motion to reopen discovery (ECF No. 68), and a motion to appoint counsel (ECF No. 69). Upon consideration of these pleadings and the record before the Court, Plaintiff's motions (ECF Nos. 61, 68, and 69) were denied and the Court found that the Defendants demonstrated that Plaintiff's RLUIPA claim is moot because Plaintiff had been granted the relief he requested which was to be reenrolled in the Alternative Meal Plan to receive vegan meals. ECF No. 72. Accordingly, the remaining RLUIPA claim was dismissed for lack of subject

matter jurisdiction. *Id*. Judgment was entered in favor of the Defendants and Plaintiff's claim was dismissed. ECF No. 73.

Plaintiff seeks "to appeal to the United States Court of Appeals for the Eleventh Circuit from the final judgment entered on April 26, 2023". ECF Nos. 78 and 83. Plaintiff has filed an application to appeal *in forma pauperis*. ECF No. 84. After reviewing the record, the Court enters the following Order as to Plaintiff's Motion for Leave to Appeal *in forma pauperis*.

**II.   Analysis**

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

3

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff has not submitted a current certified copy of his trust fund account in support of his motion to appeal *in forma pauperis*. The only financial documents on file for the Plaintiff are found in Plaintiff's original motion to proceed *in forma pauperis* filed two years ago in June 2021. ECF No. 2. Thus, the Court cannot determine for certain whether Plaintiff is presently unable to pay the costs for his appeal.

However, out of an abundance of caution, the Court will move to the second determination that it must make when reviewing a motion to proceed on appeal *in forma pauperis*. Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v.*

4

*United States*, 369 U.S. 438, 445 (1962).  The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.  *Id*.  An issue "is frivolous if it is 'without arguable merit either in law or fact.'"  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted).  "Arguable means capable of being convincingly argued."  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).  "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'"  *Sun*, 939 F.2d at 925 (citations omitted).

A statement of the issues an Appellant intends to appeal is required under Fed. R. App. P. 24(a)(1)(C).  Here, Plaintiff generally states he is appealing "the final judgment entered on April 26, 2023".  ECF No. 83.  In the motion for leave to appeal *in forma pauperis*, Plaintiff states that "although the Court ruled against Plaintiff on all of his claims, the Court did not find that this lawsuit was frivolous" and that he "hopes that the Court grant the requested relief and permit him to continue in forma pauperis status on appeal".  ECF No. 84 at 1.

This Court has conducted an independent review of the entire record in this case and based upon a thorough inquiry, the Court concludes that Plaintiff has raised no issues with arguable merit for appeal.  *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining

5

that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith and Plaintiff's appeal is frivolous. Consequently, Plaintiff's application to appeal *in forma pauperis* is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED and DIRECTED**, this 23rd day of June, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT