IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AMMON RA SUMRALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:21-CV-187 (MTT) |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

United States Magistrate Judge Stephen Hyles denied Plaintiff Ammon Ra Sumrall's motion for sanctions (Doc. 75).  Doc. 82.  Sumrall objected.  Doc. 86.  Pursuant to 28 US.C. § 636(b)(1), the Court reviewed de novo the portions of the Magistrate Judge's order to which Sumrall objects.[1]

Sumrall argues that the Magistrate Judge erroneously concluded "counsel's statement [that] other prisoners were removed from the [Alternative Entrée Program] in

---

[1] The Magistrate Judge denied Sumrall's motion for sanctions pursuant to his authority to issue orders on non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1).  However, there is a circuit split as to whether a motion for Rule 11 sanctions is a dispositive or non-dispositive matter and, thus, whether an objection to the Magistrate Judge's ruling is reviewed de novo or for clear error.  *Compare Bennett v. Gen. Caster Serv. of N. Gordon Co.*, 976 F.2d 995 (6th Cir. 1992) (holding that the magistrate judge was without authority to enter a final order awarding sanctions under Rule 11, since the purported order was dispositive of a claim for money damages) *with Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (holding that the magistrate had jurisdiction to order Rule 11 sanctions and the district court properly reviewed the magistrate's order for clear error).  The Eleventh Circuit has not weighed in on this precise issue.  *See Cuyler v. The Kroger Co.*, 2016 WL 922627, at *5 n.3 (N.D. Ga. Feb. 9, 2016) (discussing the absence of authority in the Eleventh Circuit on this issue).  Taking the more cautious approach, the Court reviewed Sumrall's motion for sanctions de novo.

2019" was not false. Doc. 86 at 1-2. Specifically, Sumrall contends that the Magistrate Judge improperly relied on his deposition testimony, which he asserts "clearly and unambiguously state[s] that only *he* was removed from the AEP in 2019." *Id*. at 2 (emphasis added). Sumrall's argument is not supported by the record. Sumrall's deposition testimony states, "Ms. Ashley and Mr. Singleton removed me and other Black people off of the AEP because we allegedly bought [non-vegan] food from the commissary." Doc. 35-1 at 14:13-15. And Sumrall earlier clarified that the "events of this case,"—i.e., prison officials' decision to remove prisoners from the AEP for purchasing non-vegan food—began "in August 2019." *Id*. at 10:18-24. Thus, Sumrall's deposition testimony supports the defendants' contention that prisoners other than Sumrall were removed from the AEP in 2019 and Sumrall cannot show the statement was objectively frivolous.

Accordingly, Sumrall's motion for sanctions (Doc. 75) is **DENIED** and the clerk is **DIRECTED** to administratively terminate Sumrall's objection (Doc. 86).

**SO ORDERED**, this 28th day of July, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
